# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

RODNEY DOTSON,

    Plaintiff,

v.                                                 Case No. 2:22-cv-2418-MSN-cgc

MEMPHIS SHELBY COUNTY SCHOOLS,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART

Before the Court is Magistrate Judge Claxton's Report and Recommendation (ECF No. 23, "Report"), which recommends denying Defendant Shelby County Board of Education's Motion to Dismiss Plaintiff's Complaint (ECF No. 13, "Motion"). For the reasons set forth below, the Court **ADOPTS** the Report in part and reserves ruling on the issue of proper service pending the Scheduling Conference in this matter.

## BACKGROUND

On June 28, 2022, Plaintiff filed his *pro se* complaint alleging discrimination in violation of the Americans with Disabilities Act of 1990, as amended by the Civil Rights Act of 1991 and the ADA Amendments Acts of 2008 (the "ADA"). Plaintiff named Memphis-Shelby County Schools ("the Board")[1] and Pamela Chapman ("Chapman") as Defendants. (*See* ECF No. 1.) Magistrate Judge Claxton ordered the Clerk to issue process for Defendants and deliver to the U.S.

---

[1] Memphis-Shelby County Schools is a public school district that is governed by the Shelby County Board of Education (the "Board").

Marshals Service ("USMS") for service. (*See* ECF No. 9 at PageID 21.) She further ordered Plaintiff to provide the Clerk an address for Pamela Chapman within 30 days. (*Id.* at PageID 22.)[2]

Plaintiff attached to his complaint the Notice of Right to Sue letter he received from the U.S. Equal Employment Opportunity Commission ("EEOC"), which was mailed on March 21, 2022. (ECF No. 1-1 at PageID 7.) The letter warned that Plaintiff was required to file suit within 90 days of receiving the letter, or he would lose his right to sue based on the EEOC charge. (*Id.*)

On September 21, 2022, the Board filed its Motion, arguing the complaint should be dismissed pursuant to Rule 12(b)(6) because Plaintiff failed to timely file his complaint after receiving the Right to Sue letter. (*See* ECF No. 13 at PageID 33–35 ("Plaintiff did not file his Complaint until . . . June 28, 2022, one day after expiration of the filing deadline.").) The Motion also argued that Plaintiff had not properly served the Board pursuant to Rule 4(j)(2); however, the time for Plaintiff to serve the Board under Rule 4(m) had not yet expired when the Motion was filed. (*See id.* at PageID 31 & n.2, 35 n.4.) The Motion explained that the service issue was noted to preserve it under Rule 12(h). (*See id.* at PageID 35 n.4.)

The Report recommended that the doctrine of equitable tolling applied to excuse Plaintiff's late filing because of documented mental health issues, which have not been refuted, and thus recommended denying the Board's Motion on that basis. The Report further recommended denying the Motion under Rule 12(b)(5) and noted that the USMS served the Board on August 31, 2022, by personal service on "Denise Brownlee (Contract Administrator)." (*See* ECF No. 12 at PageID 27.)

---

[2] It appears, however, that Plaintiff never provided an address to the Clerk for Chapman because no summons was ever issued for Chapman for the original complaint.

The Report was entered on April 24, 2023 and specifically warned that any objections or exceptions had to be filed within 14 days after service of the Report and that failure to do so may constitute a waiver[3] of objections, exceptions, and any further appeal.  (*See* ECF No. 23 at PageID 101.)  Neither party filed objections to the Report and the time for doing so has expired.

Prior to the expiration of the time in which to make objections, on May 1, 2023, Plaintiff filed a First Amended Complaint.  (*See* ECF No. 24.)  Plaintiff did not seek leave to file the First Amended Complaint, nor did Plaintiff assert that he had obtained the Board's written consent pursuant to Rule 15(a)(2).  On May 12, 2023, the Board filed a Motion for Extension of Time to File Responsive Pleading.  (ECF No. 28.)  The Board's motion noted that it appeared Plaintiff had not complied with Rule 15 when he filed the First Amended Complaint, but if it was properly filed, then a responsive pleading would be due on May 15, 2023.  (*Id.* at PageID 130–31.)  The Board therefore requested a 30-day extension to file its responsive pleading "[i]f the Court finds the Amended Complaint to be properly filed . . . ." (*Id.* at PageID 131.)  The Court did not rule on the Board's requested extension, and its motion remains outstanding.

On June 14, 2023, the Board filed its Answer to the First Amended Complaint.  (ECF No. 29.)  In its Answer, the Board stated it was not "waiving its objection that the First Amended Complaint is not properly filed," which was referenced in its extension motion.  (ECF No. 29 at PageID 133 & n.1, 136.)  The Board also asserted that service of process was insufficient for Plaintiff's original complaint.  (*See id.* at PageID 136.)

---

[3] The Sixth Circuit has clarified that a failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here.") (explaining, "*Thomas v. Arn* held that 'the failure to file objections to the magistrate's report *waives* the right to appeal the district court's judgment,'" but that *Arn* preceded the Supreme Court's clarification in *United States v. Olano*, 507 U.S. 725, 733 (1993).)  The difference matters because forfeited issues may nevertheless be considered on appeal in certain circumstances. *Id.* (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

To date, no summons has been returned executed for Pamela Chapman, and Plaintiff recently returned an unexecuted waiver of service for Ms. Chapman. (*See* ECF No. 31.) The time for serving Ms. Chapman under Rule 4(m) has passed, but Plaintiff has not sought an extension to effect service.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

4

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## **DISCUSSION**

As an initial matter, an amended complaint supersedes an earlier complaint for all purposes. *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) (citing *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n. 4 (2009)). Thus, an amended complaint generally makes a "motion to dismiss the original complaint moot." *See, e.g.*, *Klein by Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 919 (E.D. Mich. 2022) (citations omitted). If, however, the amended complaint is "substantially identical to the original complaint," and thus contains the same defects raised in the motion to dismiss, "the court may consider the motion as being addressed to the amended pleading." *Id.* (internal citations omitted).

Here, the original complaint was filed using the Court's form complaint for employment discrimination actions, and the handwriting is somewhat hard to read due to the condensed spacing. This makes comparison between the original and First Amended Complaint difficult, and Plaintiff has not offered an explanation as to what changes were made by the First Amended Complaint. Also, as explained above, the Board asserts that the First Amended Complaint was not properly filed. The Court therefore addresses the Report and the Board's Motion without determining

5

whether the First Amended Complaint was properly filed or if the Motion could be construed as addressing the First Amended Complaint.[4]

The Magistrate Judge issued her Report on April 13, 2023. The Report warned that objections were due within 14 days and failure to object may constitute a waiver of objections, exceptions, and any further appeal. To date, no objections to the Report's findings or recommendations have been filed, and the deadline for doing so has expired. The Court therefore **ADOPTS** the Reports conclusions and recommendations as to equitable tolling, and to the extent the Shelby County Board of Education's Motion to Dismiss Plaintiff's Complaint (ECF No. 13) seeks dismissal on the basis that Plaintiff failed to timely file his complaint, the Motion is **DENIED**. The Court **RESERVES** ruling on the Report's recommendation about service of process and will address this issue with the parties at the Scheduling Conference.

## CONCLUSION

For the reasons set forth above, the Report and Recommendation (ECF No. 23) is **ADOPTED** in part. Defendant Shelby County Board of Education's Motion to Dismiss Plaintiff's Complaint (ECF No. 13, "Motion") is **DENIED** to the extent it seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for Plaintiff's failure to timely file his complaint.

**IT IS SO ORDERED**, this 24th day of August, 2023.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[4] The Court anticipates hearing arguments from counsel on this issue at the Scheduling Conference, and the parties should be prepared to address it.